UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                      DECISION AND ORDER

                                                      04-CR-6130L

              v.

ZECHARIAH BURNETT,

                              Defendant.
_____


       This Court referred all pretrial matters to United States Magistrate Judge Marian W. Payson

pursuant to 28 U.S.C. § 636(b).  Subsequent to the filing of the three-count indictment against the

defendant, Zechariah Burnett ("Burnett"), he moved to suppress testimony relating to his

identification that occurred as a result of a show-up procedure on the day of his arrest, August 4,

2004.  Burnett also moved to suppress a set of keys removed from his person on that same day.

       Magistrate Judge Payson conducted lengthy suppression hearings, over several days, relating

to these matters.  Several witnesses testified as did the defendant.  Magistrate Judge Payson issued

a detailed 29-page Report and Recommendation that both motions should be denied.

       Burnett filed objections to the Report and Recommendation, and the Government responded

to those objections.  I concur with Magistrate Judge Payson's findings, adopt her Report and

Recommendation and deny the motions to suppress.

       I have reviewed the Report and Recommendation, the objections to that Report and have

been supplied with the several transcripts of the suppression hearings.  Magistrate Judge Payson set

forth in great detail the facts surrounding both the identification procedures that occurred at the scene, as well as the circumstances surrounding the removal of the keys. Familiarity with the Report and Recommendation is presumed. I agree with the factual summary and defendant, in his objections, seems to agree as well.

Concerning the challenge to the identification, Burnett does not appear to challenge the on-scene identification made by the civilian witness, Carl Colosi. In any even, I agree with Magistrate Judge Payson's determination that there was nothing unduly suggestive about this show-up, and I agree with her summary of the law that such prompt on-scene identification procedure are entirely proper and consistent with good police practice. I find nothing unduly suggestive here, and deny the motion to suppress concerning Colosi's identification.

Likewise, I find no basis to suppress the identification made by Undercover Police Officer Ed Bernabei. Burnett seems to suggest that proper police procedures were not followed concerning this procedure. The inquiry, though, is whether the procedure utilized was unduly suggestive, and I do not believe that it was. Magistrate Judge Payson noted that Bernabei was a trained police officer who had made scores of identifications in his career, and that the procedure utilized concerning his identification was no more suggestive than the one used concerning the civilian witness, Colosi.

There was extensive testimony concerning the circumstances surrounding the removal of the keys from Burnett's pocket. As is often the case, the investigation developed from a reasonable stop to an arrest as the facts developed. The police were investigating a serious matter involving shots fired with several individuals seen fleeing from the scene. The officers determined that Burnett was one of those at the scene based on the identifications mentioned above.

I agree with Magistrate Judge Payson's conclusion that these keys would have eventually been seized in any event when defendant was formally arrested at the Public Safety Building. By that time, the automobile, to which some of the keys fit, had been taken to the Public Safety Building and searched pursuant to a search warrant. The firearms and drugs seized there certainly justified Burnett's arrest since he had been observed entering that vehicle by Officer Bernabei moments after the shooting. Certainly the keys in Burnett's pockets while he was in the Public Safety Building would have been seized incident to his arrest.

I also agree with Magistrate Judge Payson's alternative suggestion (Report and Recommendation, p. 25, n.6) that there was probable cause to arrest Burnett even prior to search of the automobile. Test for probable cause is of course less demanding than proof beyond a reasonable doubt, and I believe, in this case, based on the facts before the officers there was at least probable cause to detain and arrest Burnett based on the facts know to the officers at the time. In any event, I believe there is no basis to suppress the keys obtained from Burnett for the reasons stated in Magistrate Judge Payson's thorough Report and Recommendation.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson. I deny defendant's Zecharian Burnett's motion to suppress Burnett's identification and his motion to suppress physical evidence.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        November 16, 2005.